**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TIMOTHY J. SMITH** | § | |
| | § | |
| **V.** | § | **CIVIL CASE NO. _____** |
| | § | |
| **ZURICH AMERICAN INSURANCE** | § | |
| **COMPANY** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Timothy J. Smith, hereinafter referred to as "Plaintiff," or "Smith," and pursuant to FED. R. CIV. P. 57 and 28 U.S.C. §2201, makes and files this Original Complaint against defendant Zurich American Insurance Company, hereinafter referred to as "Zurich" or "Defendant," and for cause of action would respectfully show the court as follows:

**I.**
**PARTIES**

1.      Plaintiff is an individual residing in Tarrant County, Texas.

2.      Defendant, Zurich American Insurance Company, is a foreign insurance company, organized under the laws of the State of New York and duly authorized to engage in the insurance business in the State of Texas, with its principal place of business at 1400 American Lane, Tower 1, Floor 18, Schaumburg, Illinois 60196. Zurich may be served with summons by serving its registered agent for service, Corporation Service Company, 211 E. 7th St., Suite 620, Austin, Texas, 78701-3218.

## II.
## JURISDICTION & VENUE

3.      Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. This Court therefore has jurisdiction over the lawsuit pursuant to 28 U.S.C. §1332(a).

4.      Venue is proper in this Court under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Smith's claim occurred in this district.

## III.
## BACKGROUND FACTS

5.      The present suit involved the interpretation of a Worker's Compensation and Employer's Liability insurance policy (hereinafter the "Policy").   A copy of the Policy is attached hereto as Exhibit A, and incorporated by reference as if fully set forth herein.   The Policy provided coverage for a work-related injury suffered by Plaintiff on or about September 6, 2011, while working on a drilling rig located in Cooke County, Texas, near the county line with Montague County, Texas.

6.      Plaintiff was, at the time of the incident in question, employed by BOS Solutions (hereinafter "BOS"). BOS operated as a subcontractor on the a drilling rig which was operated by EOG Resources, Inc. (hereinafter "EOG"). Subsequent to his injuries, Smith sued EOG, and the well's owner – Helmerich & Payne, Inc. (hereinafter "Helmerich") – for the injuries he sustained in the drilling accident (hereinafter the "Lawsuit").

7.      In the course of the Lawsuit, it was determined by and between the parties that an agreement existed providing that EOG indemnify Helmerich.   It was further determined that an agreement existed providing that BOS indemnify EOG.

8.      BOS was a subscriber to the Texas Worker's Compensation system. The Policy, issued by Zurich, was a worker's compensation policy.  BOS also carries a commercial general liability policy with Zurich (the "CGL). The Policy provided coverage for the injuries sustained by Plaintiff in the drilling accident, including payments for medical treatment and weekly indemnity payments. The CGL will ultimately be implicated, pursuant to the indemnification agreement between the parties, in the event EOG undertakes to pay a settlement in the Lawsuit for its negligence in connection with Plaintiff's injuries.

9.      However, pursuant to a Master Services Agreement by and between BOS and EOG, each and every insurance policy maintained by BOS for work performed under the agreement was required to have a provision which provided as follows:

> Underwriters waive their rights of subrogation (whether by loan receipts, equitable assignment, or otherwise) against Company, its subsidiaries and affiliated companies and the owners, co-owners and joint venturers, if any, and their employees, officers and agents.

The Policy included this required provision.

10.      Despite the presence of this express waiver of subrogation, Defendant Zurich has, as Plaintiff has neared reaching a settlement with EOG in the Lawsuit, asserted that it is subrogated to monies paid to EOG under the CGL, and used thereafter by EOG to settle the claims brought in the Lawsuit by Plaintiff.  In essence, despite the express waiver in the Policy and the CGL, they seek to indemnify EOG from the CGL, then recover a large portion of this same money for expenditures under the Policy.

11.      Plaintiff therefore seeks a declaration from this Court that the subrogation waiver contained in the Policy bars any right or entitlement of Defendant Zurich to seek a recovery by way of subrogation against the proceeds of any Judgment or Settlement in the lawsuit brought by Smith against EOG and Helmerich – for the injuries he sustained in the well accident.

**IV.**
**CAUSE OF ACTION**

12.     The Policy includes a waiver on the part Defendant Zurich of any right or entitlement to subrogation on monies paid to EOG and its affiliate companies, joint venturers and their employees. Nevertheless Defendant Zurich has asserted a right to subrogation against the proceeds of the settlement of the Lawsuit that might pay to EOG pursuant to BOS' duty to indemnify. An actual controversy therefore exists between Smith and Zurich that requires judicial declaration pursuant to 28 U.S.C. § 2201 by this Court of the parties' rights and duties.

13.     Smith requests that the Court issue a judgment declaring that Zurich has waived any right or entitlement to subrogation against the proceeds of any Judgment or Settlement in the lawsuit brought by Smith against EOG and Helmerich & Payne, Inc. for the injuries he sustained in a well accident which occurred on September 6, 2011.

14.     Plaintiff further asserts that in so-ruling, ambiguities which exist in the subrogation waiver in question should be construed against Zurich, the drafting party.

**V.**
**CONDITIONS PRECEDENT**

15.     All conditions precedent set forth in the applicable insurance contract have been performed or have occurred, as required by FED. R. CIV. P. 9(c).

**VI.**
**ATTORNEY'S FEES**

16.     Plaintiff seeks recovery herein of all reasonable and necessary attorney's fees expended in the prosecution of the present action.

## VII.
## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial hereof, the Court issue a Judgment declaring that Zurich has waived any right or entitlement to subrogation against the proceeds of any Judgment or Settlement in the lawsuit brought by Smith against EOG and Helmerich for the injuries he sustained in a well accident which occurred on September 6, 2011. Plaintiff further prays for the recovery of all costs of court expended in this behalf.   Plaintiff further seeks judgment for all the other relief to which the Court may deem him justly entitled.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Respectfully submitted,

/s/ STEPHEN C. MAXWELL
**STEPHEN C. MAXWELL**
smaxwell@galyen.com
State Bar No. 13258500
**DANIEL P. SULLIVAN**
dsullivan@galyen.com
State Bar No. 24054465

**BAILEY & GALYEN**
1300 Summit Avenue, Ste. 650
Fort Worth, Texas  76102
(817) 417-9660 Phone
(817) 719-9484 Fax
**ATTORNEYS FOR PLAINTIFF**